Tlie opinion of tlie Court was delivered by
Pociiá, J.
This is an action in damages for slander. Plaintiff complains that in consequence of a malicious and false statement, made by the defendant to the foreman of the Magazine Street Railroad Company, he was discharged from his employment as car driver for said Company, and avers that he has thereby suffered damages in the sum of five thousand dollars.
■ The answer ivas a general denial, and defendant appeals from a verdict and judgment of one thousand dollars against him.
Tlie charge made against plaintiff was, that he was in the habit of allowiug persons to ride on his car without paying fare, and on the strength of that charge, plaintiff was discharged as car driver.
But the evidence fails to prove that the statement was made by plaintiff with malicious intent, or with any desire to injure plaintiff, either in his reputation or in the matter of his employment.
Malice is the essence of slander, and it must he proved, either by direct testimony or by irresistible implication, from the nature of the language and conduct of the defendant. Boullemet vs. Phillips, 2 Robinson, 365; Gilbrot vs. Palmer, 8 An. 130.
The record shows that defendant, whose wife was a stockholder in the Railroad Company, heard persons boast that tlie car driven by plaintiff was “ a good deadhead car ” for them, and that he thereupon called on the foreman of the Company, and made the charge against the plaintiff, who was thenepliew of defendant’s first wife, and against whom he had no ill-feeling. Without warning or further investigation, the foreman at once discharged tlie driver, informing him of the reasons ■which led to his discharge. It may he that the foreman acted too hastily, and should have watched the driver, or given him some warning, hut defendant surely cannot be held responsible for such haste or apparent unfairness, and it nowhere appears that his purpose was to have plaintiff discharged from his employment.
His wife, being a stockholder in the Company, and directly interested in the proper administration of its affairs, it was defendant’s undoubted *1148 right to protect her interests by imparting the information of a damaging- practice entailing loss on the Company and its stockholders, with the manifest intention of bringing about a correction of the abuse. The fact that in making his statement to the foreman, he informed him of the connection of his wife with the Company, is a circumstance which unmistakably explains his conduct, and with other circumstances, satisfies our minds that the charge was made with good motives aud for justifiable ends.
We have searched the record in vain for any evidence tending directly or indirectly to show that in making the report to the Company, the defendant was actuated by malice or ill-will to plaintiff, in particular, or to his fellow-man in general, and hence, he cannot be held in damages for the language charged to him.
Although we should be, and are always, loth to disturb the verdict of a jury in such cases, yet we must do our duty when their finding would work glaring injustice, as would bo the case in the present instance.
Tlie views which we have expressed obviate the necessity of considering other defenses urged in the case.
It is, therefore, ordered, that the verdict of the jury be set aside, and the judgment of the lower court reversed; and that plaintiff’s demand be rejected and his action dismissed, at his costs in both Courts.